**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ELIZABETH SUSCHIL, et al.,** ) | CASE NO. 1:07CV2655 |
| ) | |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **AMERIPRISE FINANCIAL SERVICES,** ) | |
| **INC.,** ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #13) of Defendant, Ameriprise Financial Services, Inc. ("Ameriprise"), for Summary Judgment to Stay all Further Proceedings and to Compel Arbitration of Individual Claims. For the following reasons, the Motion is granted; all further proceedings are stayed; and the parties will proceed to arbitration on Plaintiffs' individual claims.

**I. FACTUAL BACKGROUND**

Defendant Ameriprise is a Minnesota corporation in the business of providing financial services, including investment and retirement planning for private individuals. During the relevant time period, Ameriprise operated an office in Westlake, Ohio. Plaintiff Elizabeth

Suschil alleges she worked for Ameriprise from September 1, 2004 to December 2006. Plaintiff Robin Snedeker alleges she worked for Ameriprise from November 2005 to November 2006. Plaintiff Michael Ramirez alleges he worked for Ameriprise from June 2005 through August 2006.

Plaintiffs assert claims against Ameriprise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for failure to maintain accurate records, failure to pay minimum wage, failure to pay overtime, and failure to include commissions in the regular rate calculation. They filed this lawsuit "as a representative action on behalf of themselves and all other members of the opt-in class," defined to include "[a]ll non-exempt financial advisors and individuals required to perform work on behalf of Defendant prior to appointment" during the relevant statutory period. They allege the same claims under the Ohio Minimum Fair Wage Standards Act ("MFWSA"), Ohio Revised Code §§ 4111.01-.99. "pursuant to Ohio [sic] R. Civ. P. 23" as a class action on behalf of themselves and all other members of a similarly defined class.

All three Plaintiffs executed Financial Advisor's Agreements, which provided in Section X as follows:

Section X – Arbitration

1. ***You and the Company agree to arbitrate any dispute, claim or controversy that may arise between you and the Company or a customer or any other person ("Claims")***, unless otherwise agreed to in writing by the parties. To the extent that such claims are required to be arbitrated under the rules, constitutions, or by-laws of the National Associations of Securities Dealers ("NASD"), as amended from time to time, they will be arbitrated in accordance with the policies and procedures established by the NASD.

\* \* \*

4. In consideration of the promises and compensation provided in this Agreement ***neither you nor the Company shall have a right (a) to arbitrate any Claim on a class action basis or in a purported representative capacity*** on behalf of any Advisors,

employees, applicants, or other persons similarly situated, (b) to join or consolidate in an arbitration Claims brought by or against another Advisor, employee, applicant or the Company, unless otherwise agreed to in writing by all parties; (c) ***to litigate any Claims in court or to have a jury trial on any Claims***, ***and (d) to participate in a representative capacity or as a member of any class of claimants in an action in a court of law pertaining to any Claims.***  Nothing in this Agreement relieves you or the Company from any obligation that you or it may have to exhaust certain administrative remedies before arbitrating any claims or disputes under this Policy.

\* \* \*

5. ***Either you or the Company may compel arbitration*** of any Claims filed in a court of law.  In addition, either you or the company may apply to a court of law for an injunction to enforce the terms of this Agreement pending a final decision on the merits by an arbitration panel pursuant to this provision.

6. The Company shall pay all fees, costs or other charges charged by the NASD, AAA or any other organization administering an arbitration proceeding pursuant to these provisions that are above and beyond the filing fees of the federal or state court in the jurisdiction in which the dispute arises, whichever is less.  You and the Company shall each be responsible for their own costs of legal representation, if any except where such costs of legal representation may be awarded as a statutory remedy by the arbitrator.

(Emphasis added).

Ameriprise does not dispute that it is a member of the Financial Industry Regulatory Authority ("FINRA", fka "NASD").  The conduct of the member financial services organizations is governed in part by the NASD/FINRA Code of Arbitration Procedure for Industry Disputes.  Section 13204 of the FINRA Code (Section 10301(d) of the NASD Code) deals with class action claims, in pertinent part, as follows:

**13204.  Class Action Claims**

(a)     ***Class action claims may not be arbitrated under the Code***.

(b)     Any claim that is based upon the same facts and law, and involves the same defendants as in a court-certified class action or a putative class action, ... , shall not be arbitrated under the Code, unless the party bringing the claim files with NASD one of the following:

> (1) a copy of a notice filed with the court in which the class action is pending that the party will not participate in the class action or in any recovery that may result from the class action, or has withdrawn from the class according to any conditions set by the court; or
> (2) a notice that the party will not participate in the class action or in any recovery that may result from the class action.
>
> * * *
>
> (d) ***A member or associated person may not enforce any arbitration agreement against a member of a certified or putative class action*** with respect to any claim that is the subject of the certified or putative class action ***until***:
> ***The class certification is denied;***
> ***The class is decertified;***
> ***The member of the certified or putative class is excluded from the class by the court; or***
> ***The member of the certified or putative class elects not to participate in the class or withdraws from the class according to conditions set by the court, if any.***
>
> ***This paragraph does not otherwise affect the enforceability of any rights under the Code or any other agreement.***

(Emphasis added).

Defendant Ameriprise has moved for summary judgment in its favor, seeking an order staying further proceedings and compelling arbitration of individual claims. Plaintiffs have filed their opposition, contending the arbitration provision in the Financial Advisor's Agreements is not enforceable.

## II. LAW AND ANALYSIS

**Standard of Review**

**Motion for Summary Judgment**

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." See, Fed. R. Civ. P. 56(c). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F. 3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F. 3d at 1347; *Lee v. Ritter*, No. 1:02-CV-282, 2005 WL 3369616, at *2 (E.D. Tenn. Dec. 12, 2005). This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F. 3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F. 2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323; *Lee*, 2005 WL 3369616 at *2. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F. 3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Contracts**

The construction of a contract presents a question of law for the Court, and is appropriate for resolution on a motion for summary judgment.

> A contract can be interpreted by the court on summary judgment if (a) the contract's terms are clear, or (b) the evidence supports only one construction of the controverted provision, notwithstanding some ambiguity . . . If the court finds no ambiguity, it should proceed to interpret the contract – and it may do so at the summary judgment stage.

*Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 818 (6th Cir. 1999) (quoting *Torres Vargas v. Santiago Cummings*, 149 F. 3d 29, 33 (1st Cir. 1998).

The Financial Advisor's Agreements before this Court provide for the application of Minnesota law.  (Section IX).  Minnesota law requires a court to give effect to the intent of the parties as expressed in the language used in the written document.  *Barry v. Barry*, 172 F. 3d 1011, 1013 (8th Cir. 1999).  "A court ascertains the parties' intent by putting itself in the parties' positions at the time they formed the contract and determining what they reasonably meant to accomplish in view of the contract as a whole, its plain language and the surrounding circumstances."  *Ecolab, Inc. v. Gartland*, 537 N.W. 2d 291, 295 (Minn. Ct. App. 1995).  Every attempt should be made to harmonize all of the contract's parts.  *Chergosky v. Crosstown Bell, Inc.*, 463 N.W. 2d 522, 525 (Minn. 1990); *Art Goebel, Inc. v. North Suburban Agencies*, 567 N.W. 2d 511, 515 (Minn. 1997).

**The Federal Arbitration Act ("FAA")**

By its terms, the Arbitration Agreement, executed by Plaintiffs Suschil, et al., is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq*.  The FAA provides that an arbitration clause in a "transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2 (2003).  If the Court determines that an issue brought before it is

referable to arbitration under a written arbitration agreement, it ***shall***, on the application of one of the parties, stay the proceedings until arbitration is completed.  9 U.S.C. § 3 (2003).  The FAA mandates when the Court is "satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4 (2003).  The FAA establishes a liberal policy favoring arbitration agreements, and any doubts regarding arbitrability should be resolved in favor of arbitration over litigation.  See *Fazio v. Lehman Bros., Inc.*, 340 F. 3d 386, 392 (6th Cir. 2003).  The FAA requires courts to "rigorously enforce" arbitration agreements.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).  Yet, arbitration clauses are subject to the same defenses or bars as other contract provisions.  9 U.S.C. § 4 (2003).  The Court must ascertain whether the parties agreed to arbitrate the dispute at issue.  See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, *Inc.*, 473 U.S. 614, 626 (1985).  A party cannot be required to arbitrate any dispute if the party has not agreed to do so.  *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960).  The FAA does not confer an absolute right to compel arbitration, but only a right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement."  *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989). The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."  *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

### **Enforceability**

Plaintiffs have provided no affidavit testimony nor other evidence demonstrating

ambiguity, coercion, fraud or procedural or substantive unconscionability in the presentation and execution of the Ameriprise Financial Advisor's Agreements.  However, they do argue lack of consideration and lack of mutuality render the arbitration provision in Section X of their Financial Advisor's Agreements unenforceable.

An agreement to arbitrate, like any contract, must be supported by consideration.  Under Minnesota law, adequate consideration exists where the agreement is entered into at the inception of employment.  *Overholt Corp. Ins. Serv. Co., Inc. v. Bredeson*, 437 N.W. 2d 698, 702 (Minn. Ct. App. 1989) (concerning a non-compete agreement).  At the time of these Financial Advisor's Agreements, Ameriprise made insurance policies, annuities, and other products available to Plaintiffs; and Plaintiffs would be compensated pursuant to the Company's rules. Moreover, both parties agreed to arbitrate certain matters and be bound by the results, rather than avail themselves of judicial remedies.  This mutual forbearance has value.  Therefore, adequate consideration supports the instant arbitration provision.

Further, where adequate consideration exists to support a contract, mutuality is not required.  *Fazio*, 340 F. 3d at 397.  Nonetheless, mutuality is present here, because **both** Ameriprise and the Plaintiffs promised in writing to arbitrate their claims under the Financial Advisor's Agreement.  Also, despite Plaintiffs' assertion, the contract is not illusory since both Ameriprise and Plaintiffs had the mutual right to terminate the Agreement, "with or without cause at any time and for any reason."  (Section VII(b)).

**Impact of the FINRA/NASD Code on enforceability of the arbitration provision**

Plaintiffs strenuously contend enforcement of the arbitration provision of the Financial Advisor's Agreement is barred by Section 13204 of the FINRA Code (Section 10301(d) of the

NASD Code). The Court does not agree.

The remedy of a class action lawsuit can legally be waived. "The Supreme Court has repeatedly held that contracts to arbitrate federal statutory claims are enforceable unless 'Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.'" *Bailey v. Ameriquest Mortgage Co.*, 346 F. 3d 821, 822-23 (8th Cir. 2003) (quoting *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 90 (2000)). By enforcing the contractually-agreed arbitration clause, the Court is not depriving Plaintiffs of their remedies; but is merely limiting them to a particular forum in which they may establish their right to relief. Though not in the context of the FLSA statute, but rather the remedial Truth-in-Lending Act, the Sixth Circuit commented as to "statutory class action rights, ***it is Plaintiffs' burden to show that Congress intended such rights to be non-waivable*** ..." (Emphasis added). *Burden v. Check into Cash of Kentucky*, *LLC*, 267 F. 3d 483, 492 (6th Cir. 2001), *cert. denied*, 535 U.S. 970 (2002).

The FINRA/NASD Code is not applicable to collective action lawsuits brought pursuant to the FLSA, 29 U.S.C. § 216(b). A federal court, in a Florida jurisdiction, compelled arbitration of federal wage and hour collective action claims asserted by two Ameriprise financial advisors bound by the same Financial Advisor Agreements as are at issue here, and did not find the NASD Code presented a bar. *Szilassy v. Ameriprise Financial Servs., Inc.*, Case No. 07-80559, Order Granting Defendant's Motion to Compel Arbitration and Dismissing Case (S.D. Fla., August 1, 2007).

> . . . I do not read the NASD prohibition on the arbitration of class actions to include collective actions brought pursuant to section 16(b) of the FLSA. An FLSA collective action does not require all similarly situated persons to be bound by a judgment, in contrast to a Rule 23 action. Additionally, the requirements for

-9-

> a class action plaintiff's claim to be eligible for NASD arbitration, including class certification, decertification and exclusion, and opting out, are relevant to a Rule 23 class action. Given these facts, in addition to the strong federal policy favoring the enforcement of arbitration agreements as written, I find that the NASD Rules do not prohibit arbitration of the Plaintiffs' claims. Finding otherwise would allow the Plaintiffs to avoid the clear and unambiguous terms of the arbitration agreements that they signed simply by styling their FLSA complaint as a collective action. This is directly contrary to the federal policy favoring arbitration and the enforcement of written arbitration agreements.

*Szilassy*, *id*. at 4.

The arbitration clause in Section X of the Financial Advisor Agreements signed by Plaintiffs Suschil, et al., is comprised of at least two separate, discrete, independent promises assented to by both contracting parties. That is, Plaintiffs and Ameriprise agreed to arbitrate their Claims **and** agreed to forego their class action remedies. This Court cannot overlook the exception delineated at the close of the FINRA/NASD class action rule: "This paragraph does not otherwise affect the enforceability of any rights under the Code or ***any other agreement***."

Plaintiffs rely upon the unreported decision of *Good v. Ameriprise Financial, Inc.*, Case No. 06-1027, 2007 WL 628196 (D. Minn. Feb. 8, 2007) in support of their position that arbitration of their claims should not be compelled. Their reliance is misplaced. Unlike the instant matter, that decision does not deal with wage and hour claims under federal or state law. Furthermore, in *Good*, the court did not have the same version of the rule before it for consideration, and focused upon whether the plaintiffs/ putative class representatives fell within any of the listed exceptions, which would permit enforcement of an arbitration provision. Here, Ameriprise does not contend any of the exceptions apply, but emphasizes its right to enforce the "other agreement" entered into by Plaintiffs – to waive their rights to pursue claims on behalf of a class under Rule 23. Based upon these distinctions, this Court is not persuaded it must follow

-10-

the decision in *Good*.

Plaintiffs also proffer the opinion of NASD Assistant General Counsel Jean I. Feeney regarding the scope of the NASD class action prohibition. That opinion, though relevant, carries little weight with the Court, and does not bear the force of law.

### III. CONCLUSION

Over the past decade, the United States Supreme Court has repeatedly emphasized its belief that an arbitration forum adequately preserves statutory rights, and can satisfactorily adjudicate statutory claims, including those arising out of employment situations. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); *Green Tree Fin. Corp.*, 531 U.S. at 89-90; *Gilmer*, 500 U.S. at 35. The arbitration process offers a way to "relieve court congestion, and [] provide parties with a speedier and less costly alternative to litigation." *Stout v. J.D. Byrider*, 228 F. 3d 709, 714 (6th Cir. 2000). This Court will not construe the evidence before it as barring enforcement of the arbitration provision in the Financial Advisor's Agreements and risk demonstrating the "outmoded judicial hostility to arbitration that the Supreme Court has consistently rejected." *Bailey*, 346 F. 3d at 823. Rather, this Court will hold the Plaintiffs to the clear and unambiguous terms of their contract.

The Motion of Defendant, Ameriprise Financial Services, Inc., for Summary Judgment to Stay All Further Proceedings and to Compel Arbitration of Individual Claims is granted. All further proceedings are stayed; and the parties shall go forward with arbitration of Plaintiffs' individual claims. The parties shall file a joint status report every sixty (60) days, informing the Court of the progress of the arbitration process.

**IT IS SO ORDERED.**

**DATE:   April 7,  2008**

 s/Christopher A.  Boyko
**CHRISTOPHER A. BOYKO
United States District Judge**