**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ELIZABETH SUSCHIL, et al.,**  ) | **CASE NO.  1:07CV2655** |
| ) | |
| **Plaintiffs,**  ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs.  ) | **OPINION AND ORDER** |
| ) | |
| **AMERIPRISE FINANCIAL SERVICES,** ) | |
| **INC.,**  ) | |
| **Defendant.**  ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiffs' Motion (ECF DKT #26) for Partial Relief from Judgment or, in the alternative, Motion for Partial Reconsideration of Court Ruling with Respect to the Issue of Waiver.  For the following reasons, Plaintiffs' Motion is denied.

**I. BACKGROUND**

Plaintiffs, Elizabeth Suschil, Robin Snedeker, and Michael Ramirez, were employed by Defendant, Ameriprise Financial Services, Inc., between 2004 and 2006.  They allege Ameriprise failed to maintain accurate records, failed to pay minimum wage, failed to pay overtime, and failed to include commissions in the regular rate calculation.  They assert causes of action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the

Ohio Minimum Fair Wage Standards Act ("MFWSA"), Ohio Rev. Code §§ 4111.01-.99; and seek to bring the FLSA claims as a representative action under 28 U.S.C. § 216(b), and the MFWSA claims on behalf of a class under Ohio R.Civ.P. 23.

Ameriprise argues, under the Financial Advisor's Agreements executed by Plaintiffs, the class claims are waived, and Plaintiffs' individual claims are subject to mandatory arbitration. Ameriprise filed a Motion (ECF DKT #13) for Summary Judgment to Stay all Proceedings and to Compel Arbitration of Individual Claims, asking the Court to dismiss the class and collective class allegations, compel Plaintiffs to arbitrate the individual claims, and stay all remaining proceedings. On April 7, 2008, the Court granted Defendant's Motion, stayed all further proceedings, and ordered the parties to go forward with arbitration of Plaintiffs' individual claims.

On May 7, 2008, Plaintiffs moved for partial relief from judgment under Fed.R.Civ.P. 60(b), and for partial reconsideration under Fed.R.Civ.P. 59(e).

## II. LAW AND ANALYSIS

### Motion for Relief from Judgment

> Fed.R.Civ.P. 60 provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from ***a final judgment, order, or proceeding*** for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." (Emphasis added).

By the precise language of the rule, Plaintiffs are not entitled to relief since there is no final

judgment. In its Order, dated September 10, 2008, the United States Court of Appeals for the Sixth Circuit determined this Court's decision, granting summary judgment and staying proceedings, was "nonfinal." (ECF DKT #31). Plaintiffs cannot, therefore, sustain their burden of establishing grounds for relief under Rule 60(b) by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citing *Crehore v. United States*, 253 Fed. Appx. 547, 549 (6th Cir. 2007) (unpublished)).

**Motion for Reconsideration**

The Federal Rules of Civil Procedure do not provide for motions to reconsider. Generally, they are treated as motions to alter or amend a judgment under Fed.R.Civ.P. 59(e). Pursuant to that rule, such motions "shall be filed no later than 10 days after entry of the judgment." On April 7, 2008, this Court entered its Opinion and Order, staying proceedings and compelling arbitration. Plaintiffs filed the instant Motion on May 7, 2008, well beyond the ten-day time limit. Thus, Plaintiffs are not entitled to relief since their request is untimely.

Even assuming the motion were timely, motions for reconsideration though frequently brought, are granted only in rare and unusual circumstances. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).

> "Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged. To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues."

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) (internal citations and quotations omitted).

Furthermore, a "motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F.Supp.2d 573, 634 (N.D. Ohio 2003).  Plaintiffs' motion accomplishes none of those goals; rather, it merely expresses disagreement with the Court's ruling.

The Court will not review its analysis, nor issue a revised opinion, based upon Plaintiffs' supposed dispute with the Court's reasoning.  The Court properly decided that the arbitration clause in the Financial Advisor's Agreement governed Plaintiffs' claims against their former employer; and that the terms of that Agreement bound Plaintiffs to proceed individually in the arbitration forum.

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion for Partial Relief from Judgment, or, in the alternative, Motion for Partial Reconsideration is denied.

**IT IS SO ORDERED.**

**DATE:  December  4, 2008**

> **s/Christopher A. Boyko**
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**